**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALMA ROSA NAVARRETE-PRADO, | No. 15-73180 |
| Petitioner, | Agency No. A070-121-516 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Alma Rosa Navarrete-Prado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen exclusion proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Navarrete-Prado's motion as untimely, where the motion was filed more than 15 years after the applicable regulatory deadline of September 30, 1996, and she did not establish any grounds for equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(1) ("A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later."); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (equitable tolling is applied in cases where despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim (citation omitted)). In addition, Navarrete-Prado has not established grounds for equitable estoppel based on alleged IJ misconduct. *See Socop-Gonzalez*, 272 F.3d at 1184 (equitable estoppel requires a showing of affirmative misconduct—a "deliberate lie" or "pattern of false promises"—by a government actor).

Navarrete-Prado's contention that the agency erred in denying sua sponte reopening for failure to demonstrate exceptional circumstances does not raise a legal or constitutional error to invoke our jurisdiction. *See Bonilla v. Lynch*, 840

F.3d 575, 588 (9th Cir. 2016).

In light of these determinations, we do not reach Navarrete-Prado's remaining contentions regarding her underlying 1993 exclusion proceedings and her eligibility for adjustment of status.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**